# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 47957

| | | |
|---|---|---|
| In the Matter of: Jane Doe II, A Child Under the Age of Eighteen (18) Years of Age. | ) ) ) ) | |
| JOHN DOE and JANE DOE I, husband and wife, | ) ) ) | **Filed: August 17, 2020** |
| | ) | **Melanie Gagnepain, Clerk** |
| Petitioners-Respondents, | ) ) | |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| JANE DOE (2020-19), | ) ) | |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David R. Kress, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

David Martinez, Bannock County Public Defender; Scott A. Pearson, Deputy Public Defender, Pocatello, for appellant.

Angela Jensen, Pocatello, for respondents.

_____

LORELLO, Judge

Jane Doe (2020-19) appeals from a judgment terminating her parental rights. For the reasons set forth below, we affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of the minor child in this action, who was born in 2014.[1] Doe has a lengthy substance abuse history that profoundly affected her ability to parent. Doe began using controlled substances at an early age, using alcohol at approximately age ten and methamphetamine at nineteen. Despite acknowledging her substance abuse issues, Doe continued to use controlled substances up to and during the termination proceeding.

In 2016, John and Jane Doe I (the child's maternal grandfather and step-grandmother) received a call from Doe's sister indicating that the child was unattended. When John arrived at Doe's residence, he found the child had cut her own hair with scissors and had gotten into glitter and glue while Doe slept. Doe allowed John to immediately take the child into his care. Over the next three and a half years, the child remained in John and Jane's care while Doe attempted to address her substance abuse issues. Initially, Doe had some contact with the child when Doe was sober, followed John and Jane's "house rules," and had stable housing. By 2017, Doe's contact with the child had ended due to her continued drug use. Around this time, John and Jane obtained formal guardianship of the child. Doe did not participate in the guardianship proceeding. Despite efforts by family members to help Doe address her substance abuse issues, Doe did not establish stable housing for much of the time the child was in John and Jane's care. Doe relapsed into drug use and failed to provide reasonable support for the child.

In 2019, John and Jane petitioned to terminate Doe's parental rights and adopt the child, alleging that Doe had willfully abandoned the child and that termination of Doe's parental rights is in the child's best interests. The magistrate court terminated Doe's parental rights after finding clear and convincing evidence that Doe willfully abandoned the child without just cause for more than six months and that termination is in the child's best interests. Doe appeals.

---

[1] The identity of the child's biological father is unknown. Although the child's birth certificate identifies an individual as the child's father, paternity testing determined that individual is not the child's biological father.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the trial court's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

## III.

## ANALYSIS

Doe argues that the magistrate court erred in terminating her parental rights because there was insufficient evidence showing she abandoned the child without just cause and insufficient evidence that termination is in the child's best interests. John and Jane argue that substantial and competent evidence supports the magistrate court's termination decision. We affirm the judgment terminating Doe's parental rights.

### A. Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho

383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Pursuant to I.C. § 16-2002(5), abandonment occurs when the parent has willfully failed to maintain a normal parental relationship including, but not limited to, reasonable support or regular personal contact. The word "or" is a disjunctive particle used to express an alternative and, thus, the willful failure to maintain a normal parental relationship can be based upon either the failure to pay reasonable support, or the failure to have regular personal contact, or some other failure. *Doe I v. Doe II*, 148 Idaho 713, 715, 228 P.3d 980, 982 (2010). The petitioner bears the burden of persuasion to demonstrate that the parent lacks a normal parental relationship with the child and that there is no just cause for the failure to maintain such a relationship. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). If the petitioner is able to meet this burden, the parent then has the burden of production to present evidence of just cause. *Id.* If the magistrate court finds that just cause has not been established, the petitioning party has met its burden of persuasion. *Id.* Where termination is sought by a grandparent seeking to adopt the child, a parent's willful failure to maintain a normal parental relationship without just cause for six months is prima facie evidence of abandonment. I.C. § 16-2002(5).

4

The magistrate court concluded that Doe abandoned the child under I.C. § 16-2005(1)(a) through a lack of close personal contact, thereby failing to maintain a normal parental relationship with the child in excess of six months. Doe does not challenge the magistrate court's conclusion that she failed to maintain a personal relationship with the child for more than six months. Rather, Doe faults the magistrate court for failing to adequately consider evidence of just cause for her abandonment of the child; specifically, "tension" in her relationship with John and Jane; the child's young age and communication skills; and Doe's indigency.

The factors Doe identifies, neither singularly nor combined, undermine the magistrate court's termination decision. Evidence of hostility between parents and concealment of the child may be evidence of just cause and mitigate a parent's failure to exploit all opportunities to reconnect with a child. *In re Doe*, 156 Idaho 532, 537, 328 P.3d 512, 517 (2014). However, Doe does not allege, nor is there evidence in the record indicating, that her relationship with John and Jane was *hostile* or that John and Jane were trying to conceal the child. To the contrary, John testified that he loves Doe and worries about her well-being daily. Nor did Doe testify that she was ever unaware of where the child was residing while in the custody of John and Jane.

Second, Doe's argument that the child's age and communication skills mitigate the failure to maintain contact telephonically or through letters is also unavailing. When evaluating a parent's failure to communicate with a child by certain means, courts must consider the meaningfulness of such communication in light of the child's age. *Doe v. Doe*, 150 Idaho 46, 50, 244 P.3d 190, 194 (2010). Although the child left Doe's care at about two and a half years of age, the child remained in John and Jane's care for three and a half years. Considering the child's growth over time, the magistrate court did not err in concluding that letters, cards, and phone calls from Doe would have been meaningful to the child as she aged and developed the ability to engage in conversation.

Finally, Doe's financial situation does not supply just cause for her abandonment of the child. Evidence of financial and logistical difficulties associated with maintaining a relationship with a child can show just cause for abandonment. *See id.* The magistrate court recognized that "because of lack of funds, [Doe] was not able to send support or gifts," but further observed that she "seemed to have money for drugs." Doe contends that there is no evidence in the record that she *purchased* drugs. Thus, according to Doe, there is insufficient evidence to support a

conclusion that she willfully failed to support the child. Even if Doe was not diverting funds that she could have used to support the child in order to purchase illegal drugs, that would not provide just cause for Doe's lack of close personal contact with the child. The magistrate court found that, despite lacking a driver's license and suffering financial difficulties, Doe "for the most part" lived close enough to John and Jane to visit the child but did not. Doe does not challenge this finding, nor does she argue that her financial situation made it impossible for her to have contact with the child. Doe's lack of personal contact with the child sufficiently supports the magistrate court's conclusion that Doe abandoned the child under I.C. § 16-2005(1)(a) by failing to maintain a normal parental relationship with the child. In sum, Doe has failed to show that the magistrate court failed to adequately consider evidence that she had just cause to abandon the child.

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate court found that John and Jane provided the child with a loving home, nutrition, and medical care; helped her with school work; and that the child was "expressive, happy, healthy, and well-adjusted" in their care. The magistrate court further found that the child is bonded to both John and Jane. Doe contends that the magistrate court failed to properly consider her employment, independent housing, and substance abuse recovery during the last year in evaluating whether termination served the best interests of the child. However, despite alleging positive progress in her personal situation, Doe does not allege that she could care for

6

and support the child immediately or in the foreseeable future. To the contrary, Doe testified that her life was "still not straight" and that she had used controlled substances about two weeks before the termination trial. Moreover, Doe provides no explanation for why she did not seek personal contact with the child while allegedly progressing toward a stable lifestyle. Consequently, Doe has not shown error in the magistrate court's finding that termination is in the child's best interests.

## IV.
## CONCLUSION

There was clear and convincing evidence that Doe abandoned the child and that terminating Doe's parental rights is in the child's best interests. Accordingly, the magistrate court's judgment terminating Doe's parental rights is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.